**No. 25-20180**

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

JUSTINA GARCIA; ULYSSES VALLADARES,
*Plaintiffs – Appellees,*

v.

UNITED STATES OF AMERICA,
*Defendant – Appellant.*

---

On Appeal from the United States District Court for the
Southern District of Texas, Houston Division
Case No. 4:18-cv-3196

---

REPLY BRIEF OF DEFENDANT—APPELLANT

---

JOHN G.E. MARCK
ACTING UNITED STATES ATTORNEY

ARIEL N. WILEY
Assistant United States Attorney
1000 LOUISIANA STREET
SUITE 2300
Houston, Texas 77002
Telephone: (713) 567-9344

Table of Contents

Table of Contents ...............................................................................II

Table of Authorities............................................................................ III

Argument..........................................................................................2

I.   The district court obviously intended to award separate attorney's fees because the court does not make any attempt to justify the amended final amount. ...............................................................2

II.  Appellees do not provide a basis to argue that Appellant failed to file the exhibits...............................................................................4

III. The district court's decision should be overturned because the district court does not cite to evidence to support most of their findings. ...........................................................................................5

Conclusion .......................................................................................7

Certificate of Service .........................................................................9

Certificate of Compliance...................................................................10

Table of Authorities

Page(s)

Cases

*United States v. Scroggins,*
599 F.3d 433 (5th Cir. 2010) ...............................................................1

Rules

Fed. R. App. P. 28.1(c)(1)...................................................................1

Appellees failed to make any arguments in support of their cross appeal. While Appellant must file a principal brief in the appeal, Appellees must file a principal brief in the cross-appeal and must, in the same brief, respond to the principal brief in the appeal. Fed. R. App. P. 28.1(c)(1) and (2). Appellees failed to file a principal brief in their responsive brief. Appellees' Response Brief, *see generally*. Therefore, Appellees have waived their cross appeal. *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).

In response to the United States' Opening Brief, Appellees make three (3) arguments. First, Appellees argue that the Court did not separately award attorney's fees but pre-emptively separated the damages to clarify the "take-home" amounts. Appellees' Response Brief, p. 3. Second, that the United States waived their arguments by not providing the exhibits to the Court. Appellees' Response Brief, p. 6. Third, and finally, that the Court's ruling is supported by the record, and that the United States is asking this Court to reweigh the evidence.

Appellees' arguments, however, are not supported by the law or a plain reading of the record, and the district court's decision should be overruled.

## Argument

I.   The district court obviously intended to award separate attorney's fees because the court does not make any attempt to justify the amended final amount.

Appellees concede that they are not entitled to attorney's fees under the FTCA. Appellees' Response Brief, p. 3-5.

So, the only question at issue is whether the district court intended to award a higher amount to each Appellee, without justifying the basis for those amounts, and preemptively separated the attorneys' fees, or if the district court concluded the value of each Appellee's damages, separately awarded fees, and then changed the damages amounts when the United States moved for reconsideration of the fees because they are improper. ROA.1466-1470; ROA.1484. It is obviously the latter.

In the findings of fact and conclusions of law, the district court articulates how much value is being placed on loss of financial support, mental anguish, funeral expenses, pecuniary damages, and inheritance for each Appellee. ROA.1441-1450. The district court awarded more in damages than what Appellees articulated at trial in each category. Then the district court separately awarded an amount for attorney's fees. ROA.1450.

Appellee Garcia was awarded $7,500.00 in funeral expenses, even though she did not pay for the funeral. ROA.1670; Trial Transcript (1) 158:18-21. Appellees Garcia and Valladares were awarded $907,500.00 in loss income, financial support, and inheritance, even though Appellees' expert estimated Ulises Valladares' loss of income to be between $690,000.00 - $750,000.00. ROA.1868; Trial Transcript (2) at 151:19-152:2. Then each Appellee received $500,000.00 in pecuniary loss, *i.e.,* value of advice, counsel services, care, mental anguish, past and future and loss consortium. ROA.149. Finally, Appellees' attorneys received $475,000.00 in attorneys' fees despite no evidence of the fees during trial or in any pre- or post-trial briefing. ROA.1513-2015. *See generally* Trial Transcripts.

Appellees argue that the district court intended an entirely different calculus when reaching its conclusion, but there is no evidence that the district court ever made any such analysis. ROA. 1441-1450. If the district court intended for its first final judgment to be a higher amount that preemptively was separating the attorney's fees, the court would have said so in the findings of fact, the final judgment, or the amended final judgment. ROA.1441-1451; ROA.1484. The district court

3

did not, in a plain reading of the findings of fact and memorandum of law, show that the district court made an improper award of attorney's fees, and the district court's decision should be overturned.

II.    Appellees do not provide a basis to argue that Appellant failed to file the exhibits.

Appellees baselessly argue that the United States waived their argument that there is insufficient evidence because the original record on appeal did not include Appellees' alleged trial exhibits. Appellees' Response Brief, p. 6-7.  It is undisputed that the United States ordered the record on appeal and then contacted both the district court and this Court regarding the exhibits. *See* Appellees' Motion to Supplement the Record, p. 50-56. It is also undisputed that this Court informed the United States that the record on appeal was complete, and that there was nothing further for the parties to do. *See* Appellees' Motion to Supplement the Record, p. 50. The record on appeal was verified by the district court, and the United States contends that if the district court did not include exhibits, then they may not have been considered in the district court's ruling. The United States clearly took all necessary steps to ensure the record was complete, as such, Appellees' argument is baseless and should not be considered by this Court.

III. The district court's decision should be overturned because the district court does not cite to evidence to support most of their findings.

Appellees incorrectly argue that the United States is asking this Court to reweigh the evidence. That is a misstatement of the United States' argument. The United States is asking the decision to be overturned because the district court did not cite to, nor is the decision supported by, the evidence in the record.

The United States identified thirteen (13) critical findings of fact that are not supported by the record on appeal. *See* Appellant's Opening Brief, p. 15-20. Appellees, not the district court, interprets evidence that they argue support the findings of fact and conclusions of law.

First, the fact that Appellees, and not the district court, had to find evidence that they believe supports the district court's conclusions, proves the United States' argument; the district court failed to cite to evidence that supports their findings. Second, Appellees spend a significant portion of their response brief citing to the autopsy report that was not admitted for anything other than cause of death, because the district court was aware that there was no witness to testify about

5

the report, its contents, nor that could it provide any evidence about what occurred at the scene. ROA.1896-1900.

But overall, Appellees had to make assumptions about the district court's analysis to try and support the district court's findings. Specifically, regarding the United States' thirteen (13) unsupported findings, Appellees claim that the district court made a reasonable inference to reach findings 2-3 and 7-8. Appellees' Response Brief, p. 12-13. But neither Appellees nor the district court identifies what evidence is supporting these inferences. Appellees' Response Brief, p. 12-13. Appellees claims that there is evidence to support findings 1 and 12, but neither they nor the district court identifies what evidence in the record support those findings. Appellees' Response Brief, p. 12-15. For claims 4-6 and 9-11, Appellees identify what they argue is supporting evidence, but the evidence they're citing to does not say what they claim it does. Appellees' Response Brief, p. 12-15. For example, Appellees claim that findings 9-11 is supported by Heath's testimony but cannot identify the testimony that supports those findings. Finally, for finding 13, Appellees claim that the United States is demanding that there should be evidence of a negative, that Valladares' hands and body were never in contact with

the weapon. Appellees' Response Brief, p. 14. Appellees have the burden of proof, and it is undisputed that the Agent involved in the shooting yelled that "He grabbed my gun." *See* Appellee's Motion to Supplement the Record, Dkt. 198 at 5.

Appellees, who have the burden of proof, would need to provide some credible evidence to the contrary. They did not, and the district court did not cite to any evidence. In short, Appellees attempted to supplement the findings of fact by concluding what they believe the district court meant to say, infer, or the evidentiary basis for the district court's conclusion.

The district court's findings are clearly erroneous because the district court did not cite to supporting evidence, and the Appellees could not show otherwise. Therefore, the district court's ruling should be overturned.

## Conclusion

The district court erred in its decision to award attorney fees, and the findings of fact are clearly erroneous. Therefore, this Court should find in the Appellant's favor and overrule the district court's decision.

Respectfully Submitted,

JOHN G.E. MARCK
Acting United States Attorney
Southern District of Texas

By: /s/ *Ariel N. Wiley*
   Ariel N. Wiley
   Assistant United States Attorney
   Texas Bar No. 24093366
   Federal ID No. 2554283
   1000 Louisiana, Suite 2300
   Houston, Texas 77002
   Telephone: (713) 567-9344
   Facsimile: (713) 718-3303
   Email: ariel.wiley@usdoj.gov

   *Attorneys for Defendant-Appellant*
   *United States of America*

8

Certificate of Service

I, **Ariel Nicole Wiley**, Assistant United States Attorney for the Southern District of Texas, hereby certify that on April 27, 2026, I electronically filed the foregoing reply brief with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

Upon notification that the electronically filed brief has been accepted as sufficient, and upon the Clerk's request, seven paper copies of this brief will be submitted to the Clerk. *See* 5th Cir. R. 25.2.1 & 31.1; 5th Cir. CM/ECF filing standard E(1).

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant United States Attorney

Certificate of Compliance

As required by Federal Rule of Appellate Procedure 32(a)(7)(C), and pursuant to 5th Cir. Rule 25.2, I certify that:

1.  This motion complies with the type-volume limitations of Rule 32(a)(7)(B) because this brief contains 1837 words.

2.  This motion complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Century Schoolbook font.

3.  The electronic version of this motion is an exact copy of the paper version, includes the required privacy redactions under 5th Cir. Rule 25.2.13, and has been scanned and reported free of viruses by the most recent version of a commercial virus-scanning program.

*/s/ Ariel N. Wiley*
**ARIEL N. WILEY**
Assistant United States Attorney